# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE:

BLUEWATER WELLNESS                    CASE NO.: 23-30572-KKS
GROUP LLC,                            CHAPTER: 7

     Debtor.

_____/

## ORDER DENYING *MOTION OF APRIL LEE, D.C. TO ALLOW FILING OF PROOF OF CLAIM AFTER BAR DATE* (ECF No. 23)

THIS CASE is before the Court on the *Motion of April Lee, D.C. to Allow Filing of Proof of Claim After Bar Date* ("Motion," ECF No. 23), the brief and declaration in support of same,[1] and the Chapter 7 Trustee's response.[2] For the reasons set forth below, the Motion is due to be denied.

## BACKGROUND

Debtor filed its voluntary Chapter 7 petition, Schedules, and Statement of Financial Affairs on August 18, 2023.[3] Debtor listed April Lee ("Lee") as holding an unsecured claim in the amount of $476,000 plus

---

[1] *Brief in Support of Motion of April Lee, D.C. to Allow Filing of Proof of Claim After Bar Date*, ECF No. 31; *Declaration of April Lee, D.C. In Support of Motion of April Lee, D.C. to Allow Filing of Proof of Claim After Bar Date*, ("Lee Declaration," ECF No. 29).

[2] *Response to Brief in Support of Motion of April Lee, D.C. To Allow Filing of Proof of Claim After Bar Date*, ECF No. 32.

[3] ECF No. 1.

interest and attorneys' fees on account of a "business loan."[4] Debtor listed Lee's correct home address, 2385 Placid Drive, Fort Walton Beach, Florida 32547 (the "Placid Address") on Schedule E/F and the mailing matrix.[5]

On September 12, 2023, the Chapter 7 Trustee filed a notice of assets.[6] On September 13, 2023, the Court issued a notice to creditors to file claims by December 14, 2023 ("bar date notice").[7] On September 15, the Bankruptcy Noticing Center ("BNC") mailed a copy of the bar date notice to all creditors, including Lee at the Placid Address.[8]

According to the Motion, Lee's bankruptcy attorney was in frequent communication with the Chapter 7 Trustee during the case and attended the § 341 meeting on September 12, 2023. On September 18, 2023, the Court docketed a notice that Lee's attorney, Richard G. Grant, was permitted to appear pro hac vice.[9] In response to the Court's order to show cause why an ombudsman should not be appointed, Lee's counsel filed a witness and exhibit list for Lee and attended the hearing on

---

[4] *Schedule E/F: Creditors Who Have Unsecured Claims*, ECF No. 1, p. 12.
[5] *Id.*, pp. 12, 25.
[6] *Trustee's Notice of Assets & Request for Notice to Creditors,* ECF No. 10.
[7] *Notice of Need to File Proof of Claim Due to Recovery of Assets*, ECF No. 13.
[8] *Certificate of Notice*, ECF No. 14.
[9] *Clerk's Notice to Parties re pro hac vice Admission,* ECF No. 15 (specifically referring to N.D. Fla. LBR 2090-1(B)).

September 19, 2023.[10] Neither Lee nor her attorney filed a claim before the bar date of December 14, 2023. Lee's attorney did not file a notice of appearance. Lee filed her $476,000.00 claim, through counsel, on January 3, 2024.[11]

## DISCUSSION

### The Motion fails to demonstrate lack of due process.

In the Motion, Lee first asserts lack of due process, arguing that she never received the claims bar date notice. This argument must fail because Lee received actual notice of the claims bar date. The cases on which Lee relies are distinguishable.

Most cases Lee cites are Chapter 11 cases, for which the rule on the deadline for filing claims is different from that governing Chapter 7 cases.[12] Other cases Lee cites deal with creditors that did not receive actual notice of the claims bar date, which is the opposite of what occurred in this case.

---

[10] *Witness and Exhibit List of April Lee, D.C., Regarding Ombudsman Hearing,* ECF No. 16; ECF No. 17.

[11] *Claim 5-1.* Lee's claim arose from the sale of a chiropractic practice and all tangible and intangible assets owned by Lee and her then chiropractic business, Bluewater Chiropractic Wellness Center, LLC, in Niceville, Florida, to Debtor and its principal, Letitia Smith, in 2019. *Id.* at pp. 6-7.

[12] *Compare* Fed. R. Bankr. P. Rule 3003 *with* Fed. R. Bankr. P. Rule 3002.

Lee concedes that the address Debtor listed for her in its schedules, which is the address to which the BNC mailed the claims bar date notice, is her correct home address.[13] In the Eleventh Circuit the presumption is that when an item is properly addressed and placed in the U.S. mail, the item will be delivered to and arrive at that address.[14] In *In re Woods,* this Court applied this presumption to a § 341 meeting notice mailed by the BNC.[15] The presumption that Lee received the notice applies unless Lee has presented facts sufficient to rebut the presumption.[16]

Neither her argument in the Motion nor her testimony in the sworn declaration are sufficient to overcome the presumption that Lee received the claims bar date notice. In her sworn declaration, Lee admits that the Placid Address used by the BNC is her residence address but declares she did not receive the claims bar date notice.[17] According to Lee, "[o]ccasionally (including as recently as last week) mail [addressed to her] is misdirected by the postal service to other units at [her]

---

[13] Lee Declaration, ECF No. 29, ¶ 4.
[14] *In re East Coast Brokers & Packers, Inc.,* 961 F.2d 1543 (11th Cir. 1992).
[15] *In re Woods,* 260 B.R. 41, 44 (Bankr. N.D. Fla. 2001).
[16] *In re Manausa,* Case No. 13-40282-KKS, 2013 WL 12233953, at *4 (Bankr. N.D. Fla. Dec. 12, 2013) ("The presumption of receipt is rebuttable 'by producing evidence which would support a finding of the non-existence of the presumed fact.'" (citations omitted)).
[17] Lee Declaration, ECF No. 29, ¶ 4.

condominium."[18] As a matter of law, this denial of receipt, assuming it to be true, is not sufficient to rebut the presumption that Lee received the claims bar date notice.[19] Further, the fact that Lee learned of misdirected mail within a week of its delivery to the wrong condominium unit permits an inference that had the bar date notice been misdirected Lee would have located it within about a week after its delivery.

In *In re Richard D. Van Lunen Charitable Trust,* the Chapter 11 debtor retained special counsel to represent it in a Florida foreclosure proceeding.[20] Later the bankruptcy court confirmed a joint plan of reorganization that set forth a bar date for filing professional fee applications.[21] Debtor's counsel's certificate of service stated that the plan documents were mailed to all parties in interest, including special counsel at its correct post office address.[22] The BNC mailed the

---

[18] *Id.* at ¶ 5.

[19] *Brock v. Cohen (In re Richard D. Van Lunen Charitable Trust),* 598 F. Supp. 3d 1114, 1123 (D. Colo. 2022) (attorney's denial of receipt of document mailed to proper address was insufficient to rebut presumption). *See also In re Great Atlantic & Pacific Tea Co., Inc.,* 604 B.R. 650, 658 (Bankr. S.D.N.Y. 2019) (holding that although the presumption is rebuttable, "[t]his presumption of receipt is 'very strong' and 'can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary. . . . Evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary.' As discussed by several courts, the presumption's application in cases under the Bankruptcy Code is especially apt because of multiple parties' reliance on regular mail notices to establish deadlines and bar dates." (citations omitted)).

[20] *In re Richard D. Van Lunen Charitable Trust,* 598 F. Supp. 3d at 1117.

[21] *Id.* at 1119–20.

[22] *Id.* at 1120.

confirmation order to all interested parties, including the debtor's special counsel.[23] The special counsel did not file a final fee application by the bar date. The trustee and largest unsecured creditor moved the bankruptcy court for an order requiring special counsel to disgorge the interim fees already approved and paid, on the basis of special counsel's failure to timely file a final fee application.[24] Special counsel objected and filed a late fee application.[25] Special counsel claimed in an affidavit that it did not receive copies of the plan documents, so did not receive adequate notice of the bar date.[26] On motions for summary judgment, the bankruptcy court recognized that to rebut the presumption of receipt of a bankruptcy notice, more than mere denial of receipt is required.[27] Special counsel appealed and the district court affirmed. That court held that special counsel was not denied due process and its notice of the bar date was adequate, stating "[e]specially in bankruptcy cases, '[i]f a party were permitted to defeat the presumption of receipt of notice resulting

---

[23] *Id.*

[24] *Id.*

[25] Special counsel filed its final fee application almost four (4) months after the bar date. *Id.*

[26] *Id.* at 1119–20.

[27] *Id.* at 1122 (citing *In re Loomas,* 501 B.R. 461, 2013 WL 5615943, at *4, n. 38 (B.A.P. 10th Cir. Oct. 15, 2013 (unpublished) ("mere denial of receipt alone does not rebut the presumption that the mailed item was received" (citing *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 452 (4th Cir. 2007)).

from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled.'"[28]

In the Motion, Lee complains that the bar date notice was mailed to her home and not to the lawyers who represented her in pre-petition arbitration or who drafted the contract documents between her and others in 2019. Bankruptcy courts have rejected similar arguments, except in unusual circumstances. In *In re Dana Corp.,* the bar date notice was mailed to the creditor's state court attorney, and not the creditor, because that was the only address the debtor had for the creditor.[29] The attorney received the notice but did not file a claim by the bar date.[30] The court sustained the debtor's objection to the late claim (filed almost two years after the bar date), holding that the creditor received adequate notice of the bar date.[31] In *In re Peralta,* the creditors received the

---

[28] *Id.* at 1123 (citing to and quoting from *In re Otero Cty. Hospital Ass'n, Inc.*, 551 B.R. 463, 478 (Bankr. D.N.M. 2016) (quoting *Osborn v. Ricketts (In re Ricketts)*, 80 B.R. 495, 497 (B.A.P. 9th Cir. 1987)); *Bosiger*, 510 F.3d at 452 (affirming district court and holding that creditor's general denial of receipt of bankruptcy notice "does not constitute the strong evidence needed to overcome the presumption of receipt")).

[29] *In re Dana Corp.*, Case No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241, at *2 (Bankr. S.D.N.Y. July 23, 2008).

[30] *Id.*

[31] *Id.* at *15 (stating "the Movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control . . . .").

bankruptcy notice at their home addresses and failed to timely file claims. In support of having their claims allowed as timely, the creditors argued that the debtor should have sent notice to their attorneys. The bankruptcy court disagreed, stating:

> The language of [Bankruptcy Rule 2002(g)] 'provides that a debtor shall send all notices directly to the creditor unless the creditor's agent directs otherwise in a request filed with the Bankruptcy Court.' As other courts have observed, absent an express request, '[t]here is simply no basis in the Bankruptcy Code or Rules for requiring service on a creditor's attorney.' '[M]ost courts have not interpreted Fed. R. Bankr. P. 2002(g) to require debtors to serve creditors' counsel, even in instances when debtors knew counsel represented creditors in pre-petition matters regarding the debt in question."[32]

Lee's premise in the Motion, that in the Eleventh Circuit creditors are entitled to actual notice of the claims bar date, is correct. Precisely because Lee received actual notice, the instant ruling is consistent with Eleventh Circuit precedent.

---

[32] *In re Peralta*, 599 B.R. 759, 766 (Bankr. D.N.J. 2019) (citing and quoting from *In re R.H. Macy & Co., Inc.* 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993)). *See also In re Stauffer,* 378 B.R. 333, 338 (Bankr. D. Utah 2006); *Borden v. Brunswick Baptist Church (In re Brunswick Baptist Church),* Case No. 03-13719, 2007 WL 160749, at *3 (N.D.N.Y. Jan. 16, 2007) (collecting cases); *see also In re Bi-Lo, LLC*, No. 09-02140, 2010 WL 3340521, at *5 (Bankr. D.S.C. Feb. 2, 2010). *See also In re Uchitel,* Case No. 20-11585 (JLG), 2022 WL 3134217, at *16 (Bankr. S.D.N.Y. Aug. 4, 2022) (citing to *In re Ricketts*, 80 B.R. 495, 497 (B.A.P. 9th Cir. 1987).

## Lee did not file an informal proof of claim that can be amended.

Lee urges that her participation in the case, together with her claim having been listed in Debtor's schedules, constitutes an informal proof of claim. This argument also fails. Courts have held that in order to establish an informal proof of claim, a creditor must have filed something with the bankruptcy court timely that 1) became part of the judicial record, 2) states the existence and nature of the debt, 3) states the amount of the claim against the estate, and 4) evidences the creditor's intent to hold the debtor liable for the debt.[33] In her motion, Lee accurately recites five "common elements" that courts require for an informal claim to be considered a timely proof of claim. But the cases she cites require that the document "must contain a demand *by the creditor*."[34] Nothing Lee filed in this case contains the required factors. Before filing her late claim, Lee filed only one document with this Court: a witness and exhibit list.[35] That document does not meet any of the

---

[33] *In re Dana Corporation,* Case No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241, at *8 (Bankr. S.D. N.Y. July 23, 2008) (citing *In re Enron Corp.,* 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007)).

[34] *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos),* 199 F.3d 233, 236 (5th Cir. 2000) (emphasis added); *see id.* at 236–37 (reversing denial of allowance of informal proof of claim where creditor filed a complaint making demand on debtor and bankruptcy court had acknowledged the complaint as an informal claim at a hearing); *In re Reliance Equities Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992).

[35] *Witness and Exhibit List of April Lee, D.C. Regarding Ombudsman Hearing,* ECF No. 16.

criteria for an informal proof of claim. The witness and exhibit list states nothing about Lee's claim or her desire to collect from or share in the bankruptcy estate. In fact, that document says nothing about Lee or her claim at all.

Lee cites no authority for the proposition that a creditor may claim the benefit of a timely informal proof of claim based on something the *debtor* filed. If debtors' schedules could be considered timely claims in Chapter 7 cases, there would be little or no need for creditors to file claims or for courts to set bar dates for claims.

In the Eleventh Circuit, before a court will allow a document to constitute an amended proof of claim there must be "something filed in the bankruptcy court capable of being amended."[36] Not every document filed with the bankruptcy court will constitute an informal proof of claim.[37] "[T]he document must apprise the court of the existence, nature

---

[36] *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 819 (11th Cir.1985) (noting that amendment of a claim in bankruptcy is freely allowed to cure a defect in the claim as originally filed (citing *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir. 1985).

[37] *In re South Atlantic Financial Corp.,* 767 F.2d at 820 (affirming that notice of appearance did not constitute an amendable informal proof of claim, noting that courts have not allowed a creditor to file an amended proof of claim where the creditor had done nothing more than telephone the trustee in bankruptcy and apprise him of its claim, or where the trustee had knowledge of a federal district court suit between the creditor and the debtor but the creditor had done nothing in the bankruptcy court to apprise that court of its claim. (citations omitted)).

and amount of the claim (if ascertainable) and make clear the claimant's intention to hold the debtor liable for the claim."[38]

The fact that Lee's attorney had been in communication with the Chapter 7 trustee does not save the day.[39] "Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient."[40] Even a motion for relief from stay, which Lee did not file, may be insufficient to constitute an informal proof of claim if it does not include a notice of intent to share in distribution of the assets of the estate.[41]

Lee's reliance on *In re Job-Site Industries, Inc.* is misplaced. There, the Chapter 11 debtor listed the creditor's claim in the correct amount on

---

[38] *In re Charter Co.,* 876 F.2d 861, 863 (11th Cir. 1989) (holding that motion for relief from stay constituted informal proof of claim where it apprised the court of the existence and nature of the claims and that the claimants sought to hold the debtor liable). *See also In re Castellon,* Case No. 12-14348-BKC-AJC, 2013 WL 4496795 (Bankr. S.D. Fla. Aug. 21, 2013).
[39] *In re Reliance Equities Inc.,* 966 F.2d at 1345 (affirming disallowance of informal proof of claim where trustee knew about the claim but creditor did not file a claim by the bar date. "[A] trustee's knowledge of a claim does not constitute an adequate informal claim . . . .").
[40] *Wilkens v. Simon Brothers, Inc.,* 731 F.2d 462, 465 (7th Cir. 1984). *See also In re International Horizons, Inc.* 751 F.2d 1213, 1217 (5th Cir. 1985) ("[M]ere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof which the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is 'filed' prior to the bar date."); *In re Fink,* 366 B.R. 870, 878–79 (Bankr. N.D. Ind. 2007) (An informal proof of claim must "contain a demand against the estate or indicate an intent to hold the estate liable and a desire to receive payment from the estate through the bankruptcy process …").
[41] *In re Dana Corp.,* 2008 Bankr. LEXIS 2241, at *7; *In re Donovan Wire & Iron Co.,* 822 F.2d 38, 39 (8th Cir. 1987).

its list of twenty largest unsecured creditors and gave the creditor a copy.[42] The debtor later filed schedules listing the claim as disputed.[43] A claim listed on the schedules filed in a Chapter 11 is deemed allowed unless it "is scheduled as disputed, contingent or unliquidated."[44] The creditor served on, and actively participated in several meetings of the court-appointed official committee of unsecured creditors, making it obvious to the other creditors, the debtor and others that the creditor was pursuing its claim.[45] The debtor's attorney and trustee knew the debtor was disputing the creditor's claim, but no one told the creditor or it's attorney.[46] Based on those facts, the bankruptcy court found that the creditor had been "misled" to believe its claim was properly filed, so allowed its claim.[47]

<u>The "excusable neglect" standard does not apply.</u>

Lee argues that excusable neglect, good faith, and cause permit the Court to allow her late claim as timely pursuant to Bankruptcy Rule 9006(b)(1). This argument also fails. Rule 900(b)(1) is inapplicable to

---

[42] *In re Job-Site Industries, Inc.,* 78 B.R. 335, 336 (Bankr. S.D. Fla. 1987).
[43] *Id.*
[44] 11 U.S.C. § 1111(a).
[45] *In re Job-Site Industries, Inc.,* 78 B.R. at 336.
[46] *Id.*
[47] *Id.* at 336–37.

claims in Chapter 7 cases by operation of Rule 9006(b)(3), which limits enlargement of time for filing claims pursuant to the relevant rule here, Rule 3002(c).[48] Rule 9006(b)(3) explicitly provides that a court may enlarge the time for taking action under Rule 3002(c) "*only to the extent and under the conditions stated in those rules.*"[49] Rule 3002(c), in turn, sets forth the time within which a claim in Chapter 7, 12, and 13 cases must be filed.[50] The combined effect of these rules is to limit the availability of excusable neglect for filing a late claim to cases filed under Chapters 9 and 11.

Notice of the claims bar date was sufficient
under the circumstances.

The Court cannot find that the notice to file a claim by a date certain was "insufficient under the circumstances" to give Lee a reasonable time to file a proof of claim.[51] The bar date notice Lee received

---

[48] *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) (holding that "[t]he 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases.")

[49] Fed. R. Bankr. P. 9006(b)(3) (emphasis added).

[50] Fed. R. Bankr. P. 3002(c) ("In a voluntary chapter 7 case, chapter 12 case, or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or 13.").

[51] Fed. R. Bankr. P. 3002(c)(6) ("On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was *insufficient under the circumstances* to give the creditor a reasonable time to file a proof of claim") (emphasis added).

contains very specific language easily understood by lawyers and non-lawyers alike:

### NOTICE OF NEED TO FILE PROOF OF CLAIM
### DUE TO RECOVERY OF ASSETS

**NOTICE IS GIVEN THAT:**

The initial notice in this case instructed creditors that it was not necessary to file a proof of claim. Since that notice was sent, assets have been recovered by the trustee.

Creditors who wish to share in any distribution of funds must file a Proof of Claim (Official Form 410) and appropriate supporting documentation with the clerk of the bankruptcy court on or before **December 14, 2023.** *Creditors who do not file a proof of claim on or before this date might not share in any distribution from the debtor's estate.*[52]

Lee contends that her failure to timely file a claim is the Trustee's or the Court's fault. First, she maintains that the Chapter 7 trustee had a duty to include her attorney's firm name and address in the schedules and the creditor matrix. This is wrong for obvious reasons. The debtor, and not the Chapter 7 Trustee, is charged with the duty to file schedules and a list of creditors.[53] Next, Lee complains that the Court's "ECF system" did not provide notice of the bar date to her bankruptcy counsel.

---

[52] *Notice of Need to File Proof of Claim Due to Recovery of Assets*, ECF No. 13 (emphasis and fonts in original).
[53] *See* 11 U.S.C. § 521(a)(1)(A) & (B).

But she ignores that her bankruptcy counsel never filed a notice of appearance, so the Court's electronic noticing system could not possibly send him any notices. She also fails to acknowledge that attorneys are permitted to file claims in cases in this Court without being admitted to practice in the Northern District of Florida.[54]

## CONCLUSION

The Debtor properly listed Lee's correct home address on the schedules and mailing matrix. The BNC mailed the notice to that address. Lee's denial of receipt of the notice is not enough to overcome the presumption that she received the notice. Nothing Lee filed in this case qualifies as an informal proof of claim that can be amended. Although the result is seemingly harsh, Lee does not cite facts or law that support a contrary ruling.

For the reasons stated, it is:

ORDERED: The *Motion of April Lee, D.C. to Allow Filing of Proof*

---

[54] The notice that Lee's counsel had been admitted in this court *pro hac vice* cites to rules of admission to practice in this Court (N.D. Fla. LBR 2090-1(B)) and the Northern District Court (N.D. Fla. Loc. R. 11.1(C)). ECF No. 15. This Court's Local Rules provide that an attorney who is not admitted to practice in this Court "may appear on behalf of a creditor in the following instances: (1) prepare and file a notice of appearance and request for service of notices pursuant to Bankruptcy Rule 2002; and (2) The *preparation and filing of a proof of claim*." N.D. Fla. LBR 2090-1(C) (emphasis added).

*of Claim After Bar Date* (ECF No. 23) is DENIED.


      DONE and ORDERED on April 8, 2024          .

                                 KAREN K. SPECIE
                                 Chief U.S. Bankruptcy Judge


cc: Lee's Counsel shall serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.